UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rahsaan L. Thedford,

      Plaintiff,

v.                                        Case No. 12-12366

St. Clair Shores Police Department, *et al.*,      Honorable Sean F. Cox

      Defendants.
_____/

**ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

This *pro se* § 1983 action is currently before the Court on Defendants' Motion to Dismiss, asking this Court to dismiss this action with prejudice because Plaintiff has failed to cooperate during discovery and has failed to appear for his deposition as expressly ordered by this Court. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. As explained below, the Court shall GRANT Defendants' Motion to Dismiss and dismiss this action with prejudice for Plaintiff's failure to comply with this Court's Orders and his failure to cooperate in discovery.

Acting *pro se*, Plaintiff Rahsaan Thedford ("Plaintiff") filed this action on May 31, 2012, asserting §1983 claims against Defendants.

In an Order issued on July 16, 2012, this Court denied Plaintiff's request for appointment of counsel. (Docket Entry No. 7).

1

On August 22, 2012, this Court issued a Scheduling Order in this action. (Docket Entry No. 12). That order provided, among other things, that discovery was to close on February 22, 2013, and that motions must be filed by March 22, 2013.

Thereafter, Defendants were unable to obtain discovery from Plaintiff and filed several motions to compel, which were referred to Magistrate Judge Mona Majzoub.

Before Defendants' motions to compel had been ruled upon by Magistrate Judge Majzoub, Defendants filed a motion seeking to extend discovery and the motion cutoff, due to Plaintiff's repeated failure to provide discovery. (Docket Entry No. 29).

On February 20, 2013, this Court advised the parties that it would hold a hearing regarding Defendants' Motion to Extend on March 12, 2013, at 4:00 p.m. and notified the parties to appear at that time. (Docket Entry No. 33).

In response, on March 5, 2013, Plaintiff filed two additional motions wherein he asked the Court to appoint counsel for him. (Docket Entry Nos. 36 & 37). This Court denied those motions. (Docket Entry No. 39).

On March 12, 2013, this Court held a hearing in this matter. Although Defense Counsel appeared for the hearing, Plaintiff failed to appear.[1]

After that hearing, this Court issued an "Order Granting Defendants' Motion To Extend Discovery And Summary Judgment Due Dates"(Docket Entry No. 40), wherein this Court stated:

> This matter having come before the Court for hearing on Tuesday, March 12, 2013, regarding Defendants, ST. CLAIR SHORES POLICE

---

[1]Nor did Plaintiff contact the Court to request an adjournment or an alternate date for the hearing.

DEPARTMENT'S and DET. MARGARET EIDT'S motion to extend discovery and summary judgment due dates, Plaintiff having failed to appear, attorney Richard S. Albright having appeared on behalf of said Defendants, and the Court being advised in this matter regarding said Defendants' pending motions to compel discovery,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Defendants' motion to extend discovery and summary judgment due dates is GRANTED.  A second scheduling order has been filed.

2.      *Plaintiff shall fully and completely answer Defendants' first interrogatories, requests to produce, and requests to admit, served on Plaintiff on October 24, 2012, by March 26, 2013.*

3.      *Plaintiff shall appear for a deposition at the law firm of Ihrie O'Brien, 24055 Jefferson Avenue, Suite 2000, St. Clair Shores, Michigan 48080, on Monday, April 8, 2013, at 2:00 p.m.*

4.      *In the event Plaintiff fails to comply with any of the provisions of this Order, Defendants' attorney may file a motion to dismiss this case.*

(*Id*.) (emphasis added).  This Court mailed that Order to Plaintiff via first class mail on March 14, 2013.  In addition, Defense Counsel also sent Plaintiff a copy of the Order as an enclosure to a letter sent to him on March 18, 2013.  (*See* Docket Entry No. 47 at Pg ID 163).

After Plaintiff failed to appear for his deposition as ordered by this Court, Defendants filed the instant Motion to Dismiss on April 12, 2013.  (Docket Entry No. 43).  Defendants ask the Court to dismiss this action with prejudice due to Plaintiff's failure to comply with this Court's Orders and his failure to provide discovery.

On April 18, 2013, Plaintiff filed a written response to the motion offering several excuses for why he failed to appear for his deposition as ordered by this Court.  First, Plaintiff claims that he failed to appear for his deposition because he "never received notice to appear until after the appointment time and therefor [sic] was unable to make it."  (Pl.'s Response at ¶

3

6).

Plaintiff's unsupported assertion is not credible in light of his failure to appear for other hearings in this matter and the fact that this Court's March 14th Order was mailed to Plaintiff by both this Court and by defense counsel.

Morever, Plaintiff's other excuses for not appearing for the deposition belie his claim that he was unaware of the scheduled deposition until after the date had passed.  (*See* Pl.'s Response at ¶ 8, stating that "Plaintiff feels that a deposition without this courts "<u>appointment of counsel</u>" would leave plaintiff subject and vulnerable to further rights violations due to his inexperience in law" and Plaintiff "would like to reiterate previous request for appointment of counsel"; *see also* Pl.'s Response at ¶ 10, stating that "Plaintiff wishes to visit The Law Office of Ihrie O'Brien but is terrified to say the least; of going into St. Clair Shores to be amongst the same people that violated his rights.  Plaintiff feels that more nefarious activity may be in play by going to the law office," and Plaintiff "begs the court to forgive him of his fear of the St. Clair Shores Police Department.") (underlining in original).

"Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, 'a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.'" *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).  "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness." *Bass, supra*.  Other factors to consider include whether the opposing party has been prejudiced by the failure, whether the party violating the court's orders had notice that failure could lead to dismissal, and whether other sanctions were imposed or considered before

4

dismissing the case. *Id.*

Here, all of the factors weigh in favor of dismissing this action with prejudice. Plaintiff filed this lawsuit *nearly a full year ago* but has willfully failed to cooperate in discovery and willfully failed to comply with this Court's orders. Defendants, who have been unable to obtain discovery from Plaintiff or depose him, are prejudiced in that they cannot prepare an adequate defense or a motion for summary judgment without the discovery they have diligently pursued. This Court's March 14, 2013 Order advised Plaintiff that the Court would consider dismissing this action if Plaintiff failed to provide the discovery as ordered or if he failed to appear for his deposition. Finally, the Court concludes that in light of the efforts that have been taken to date to get Plaintiff to provide discovery over the course of the past year, and Plaintiff's willful disregard of the Court's orders, no lesser sanction would be appropriate.

Accordingly, the Court hereby ORDERS that Defendant's Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Dated: May 16, 2013                    s/ Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Court Judge


I hereby certify that on May 16, 2013, the foregoing document was served upon counsel of record by electronic means and upon Rahsaan L. Thedford by First Class Mail at the address below:

Rahsaan L Thedford
23693 E. Scott
Clinton Township, MI 48036

Dated: May 16, 2013                    s/ J. McCoy
                                       Case Manager